UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASSIDY CARAKER, et al.,

    Plaintiffs,

v.                                              CASE NO. 8:18-cv-2302-T-23JSS

ALEX OF POLK COUNTY, INC., et al.,

    Defendants.
_____/

**ORDER**

    (a)    <u>Referral to Mediation</u>: This action is referred to mediation. **Mark A. Hanley** of Bradley Arant Boult Cummings LLP, 100 North Tampa Street, Suite 2200, Tampa, Florida 33602, (813) 229-3333, is the mediator.

    (b)    <u>Conduct of Mediation</u>: The mediator must conduct the mediation in accord with this order and the Local Rules. Compliance with this order is not satisfied by any other attempt by the parties to resolve this matter through mediation or by another mechanism for dispute resolution.

    (c)    <u>Scheduling Mediation</u>: The parties must mediate no later than **JANUARY 18, 2019**.

    (d)    <u>Designation and Responsibility of Lead Counsel</u>: **J. Kemp Brinson** is designated as lead counsel and must consult both the mediator and other counsel to co-ordinate the day and time of the mediation. Within **SEVEN** days after this order,

lead counsel must file a notice of mediation that states the agreed day and time of mediation.  When the notice is filed, the agreed day for the mediation replaces the deadline in paragraph (c).  Extension of the mediation deadline requires a court order and is increasingly disfavored as the mediation deadline approaches.  Before moving for an extension of the mediation deadline, the movant must consult both the mediator and opposing counsel to determine an agreed day and time for the rescheduled mediation.  Under Local Rule 3.01(g), a motion for an extension of the mediation deadline must certify that the movant has conferred with opposing counsel and must state whether counsel agrees to the resolution of the motion.

    (e)    <u>General Rules Governing the Mediation</u>: Although mediation is governed by Chapter Nine of the Local Rules, the following additional requirements apply:

        (1)    *Case Summaries*: At least five business days before the scheduled mediation, each party must mail directly to the mediator and to opposing counsel a brief written summary of the facts and issues of the action. The mediator and the parties must treat each summary as a confidential communication and must not disclose the summary or the summary's content.

        (2)    *Authority of the Mediator*: The mediator may confer privately with any counsel, an individual party, a corporate or municipal representative, or a claims professional for any proper purpose in the mediator's discretion. The mediation must continue until adjourned by the mediator. No participant may compel the early conclusion of a mediation because of travel or another engagement. Only the mediator may declare an impasse or end the mediation. To co-ordinate the mediation, the mediator may set an abbreviated scheduling conference before the mediation.

  (3) *Attendance*: Absent leave of court, which is granted only in an extraordinary circumstance, each attorney acting as lead counsel and each party (or the designated representative with full authority to settle) must attend the mediation in person.

  (4) *Structure*: In a track three case, another complex or protracted case, or a case with many parties, the mediator is authorized to conduct the mediation in sequential sessions with fewer than all the parties present.

 (f) <u>Compensation of the Mediator</u>: The parties must compensate the mediator at the mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, the parties must bear equally and pay immediately after the mediation. When moving to tax other costs, the prevailing party may move to tax the mediator's compensation as a cost. The parties must comply with any reasonable cancellation policy established by the mediator.

 (g) <u>Objections</u>: A party waives as to this order any objection not asserted within ten days and in writing.

 ORDERED in Tampa, Florida, on November 19, 2018.

             */s/ Steven D. Merryday*
             STEVEN D. MERRYDAY
             UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASSIDY CARAKER, et al.,

    Plaintiffs,

v.                                        CASE NO. 8:18-cv-2302-T-23JSS

ALEX OF POLK COUNTY, INC., et al.,

    Defendants.
_____/

## **MEDIATION REPORT**

In accord with the mediation order, a mediation occurred on _____, 20____.

(a)     The following individuals, parties, corporate representatives, and claims professionals attended and participated in the mediation, and each possessed the requisite settlement authority:

    ____ All individual parties and their respective trial counsel.

    ____ Designated corporate representatives.

    ____ Required claims professionals.

(b)     The following individuals, parties, corporate representatives, and claims professionals failed to appear or participate:

 (c) The result of the mediation:

___ <u>The action completely settled</u>. In accord with Local Rules 3.08 and 9.06(b), lead counsel must notify the court of settlement within ten days of the mediation by filing a notice or memorandum of agreement signed by the parties and the mediator.

 Comments:

___ <u>The action partially resolved</u>. Lead counsel must file within ten days a joint stipulation resolving the settled claims. The following issues remain:

 Comments:

___ <u>The action neither settled nor failed to settle</u>.

 Comments:

___   <u>The parties failed to settle</u>.

Comments:

Reported on _____, 20_____, in _____, Florida.

_____
Signature of Mediator

_____
Name (PRINTED) of Mediator

_____
_____
_____
_____
Mediator's Mailing Address and
Telephone Number

cc:   Counsel of Record and
      Unrepresented Parties

- 3 -